989 F.2d 493
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Bernie E. LOOS, Plaintiff-Appellant,
and 2649 35 5 W. Allen Overcash; Larry E. Stancil, Jr.; J.
M. Stegall; Brian E. Voncannon; Hilton Grady Smith, Jr.;
Jimmy A. Maner, Jr.; Ronald E. Barbee; Mark J. Davis; Tim
R. Templeton; LLrry F. Ketchie; Joseph O'Donnell; Francis
L. Bishop; Keith E. Cauthan; Scott Newell; Ramona O.
Page; Douglas W. Small; Michael E. Wilson; Edward L.
Clay, Jr.; Weldell B. Rummage; Derek G. Waller; Sidney B.
Kluttz, II; Rick Smith; Donald A. Fraser; Richard H.
Simpson; Ronald E. Green; Timothy B. Hartsell; Jeffrey D.
Young; Tyler A. Gayan; Billy H. Swaringen; Joseph W.
Flair; V. E. Nash; Michael P. Greene; Jeffrey L. Haynes;
Michael L. Drake; A. D. Atwell; Leonard L. Lambert; Ricky
L. Steele; Barry L. Nix; Carl L. Gadd; Lisa C. Hudson;
T. M. Combs; Charles A. Herndon, Jr.; Denise S. Tran;
Christopher Garifo, Plaintiffs,
v.
CITY OF CONCORD, NORTH CAROLINA, Defendant-Appellee.
Southern States Police Benevolent Association;
North Carolina Police Benevolent
Association, Amici Curiae.
 
 No. 92-1763.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 4, 1993
Decided: March 10, 1993
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury. William L. Osteen, Sr., District Judge. (CA-91-631-4)
 Louis L. Lesesne, Jr., LESESNE & CONNETTE, Charlotte, North Carolina, for Appellant.
 David Betts Hamilton, PETREE, STOCKTON, Charlotte, North Carolina, for Appellee.
 Penni P. Bradshaw, Louis W. Doherty, PETREE, STOCKTON, Winston-Salem, North Carolina, for Appellee.
 J. Michael McGuinness, MCGUINNESS & PARLAGRECO, Salem, Massachusetts, for Amici Curiae.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and LUTTIG, Circuit Judges, and PAYNE, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Bernie E. Loos sought, by motion for a mandatory preliminary injunction, to compel the City of Concord to reinstate him to his job as a police sergeant pending the outcome of the underlying litigation. The district court denied the motion, and Loos appeals.
 
 
 2
 On December 30, 1991, after an administrative hearing, the city discharged Loos for violating several police department and city regulations. In particular, during the pendency of the department's investigation of one of Loos' superior officers, Loos spoke to at least one newspaper reporter about the alleged wrongdoing by the officer, in violation of both department and city regulations. Although he told the reporter that the officer had written a letter of recommendation on behalf of a convicted felon, Loos later conceded that the letter was not a recommendation, that he "had no idea" whether the subject of the letter had ever been convicted of a felony, and that his statements were based simply on "general rumor mill." J.A. at 47-49. The officer was subsequently found to have done nothing improper. Also in violation of regulations, Loos was evasive and uncooperative during the investigation of his conduct. Loos has challenged his termination as retaliation for the exercise of his First Amendment rights.
 
 
 3
 Applying the preliminary injunction standard set forth in Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977), the district court found that Loos had shown neither irreparable injury nor a likelihood of success on the merits. Loos' claims of lost income and lost career opportunities, the court concluded, did not constitute irreparable injury. See Sampson v. Murray, 415 U.S. 61, 90-92 (1974). Nor, the court concluded, did Loos' claim of constitutional injury entitle him to the extraordinary relief requested. The district court held that there was insufficient evidence in the record at the preliminary injunction stage to resolve the question of Loos' motive in his favor, especially given the city's contention that Loos made the statements with malice, see New York Times Co. v. Sullivan, 376 U.S. 254 (1964), and therefore that he had not carried his burden of showing that he was likely to prevail on the merits.* The court observed that " '[e]mployment discharge cases often turn on intangible factors such as intent, motive, and witness credibility. Matters such as these often cannot be resolved with any clarity prior to trial.' " J.A. at 237 (quoting Ferrell v. Durham Technical Institute, 569 F. Supp. 16, 20 (M.D.N.C. 1983)). "This is not to say that Loos will lose on the merits," explained the court, "but rather that he has failed to justify the issuance of a mandatory injunction." Id. at 238.
 
 
 4
 We have read the briefs, heard oral argument, and given thorough consideration to Loos' contentions. Finding no error in the opinion of the court below that Loos has not shown a likelihood of success on the merits of his First Amendment claim or irreparable injury from any lost income and employment opportunities, we affirm on the reasoning of the district court. See Loos v. City of Concord, No. CA-91631-4 (M.D.N.C. June 15, 1992), reprinted in J.A. at 232-39.
 
 AFFIRMED
 
 
 *
 We reject Loos' attack on this determination as a violation of Fed. R. Civ. P. 52(a) (requiring court ruling on injunction to "set forth the findings of fact and conclusions of law which constitute the grounds of its action"). Rule 52(a) " 'does not require the court to make findings on all facts presented or to make detailed evidentiary findings.' " Darter v. Greenville Community Hotel Corp., 301 F.2d 70, 75 (4th Cir. 1962) (quoting Carr v. Yokohama Specie Bank, Ltd., 200 F.2d 251, 255 (9th Cir. 1952)). Moreover, "there are some issues of fact which cannot fairly be determined on affidavits or even on the preliminary hearing which is frequently short. To require an ultimate finding on such matters ... would be more likely to mandate guesswork than informed judgment." Bose v. Linear Design Labs Inc., 467 F.2d 304, 311 (2d Cir. 1972)